Bessie Eisenberg v. Commissioner.
Eisenberg v. Commissioner
Docket No. 92772.
United States Tax Court
T.C. Memo 1963-78; 1963 Tax Ct. Memo LEXIS 264; 22 T.C.M. (CCH) 333; T.C.M. (RIA) 63078; March 18, 1963
Bessie Eisenberg, pro se, 505 Ocean Ave., Brooklyn, N. Y. Joseph M. Touhill, Esq., for the respondent. MURDOCK
Memorandum Findings of Fact and Opinion MURDOCK, Judge: The Commissioner determined deficiencies of $574 for 1956 and $338 for 1957. He stated in the notice of deficiency "It is held that net operating loss deductions of $6,576.27 and $3,192.21, characterized as casualty losses in your returns for the years 1956 and 1957, respectively, are not allowable deductions because the net operating *265 loss arising from the casualty in 1955, which must first be carried back to 1953 and 1954, is fully offset by income in these years, leaving no balance to carry over to 1956 or subsequent years; and for the further reason that the amount of the loss has not been substantiated." The petition, although artlessly drawn, apparently would raise the issue of whether any part of a casualty loss in 1955 remains for deduction in 1956 and 1957. Findings of Fact The petitioner's individual returns for 1956 and 1957 were filed with the director of internal revenue at Brooklyn, New York. The 1956 return claims a deduction of $6,576.27 with an explanation that it is a part of a 1955 casualty loss - "See 1955 Income Tax Return." The 1956 return reports no tax due. The 1957 return reports no tax due and has a schedule attached relating to a 1955 casualty loss in the net amount of $11,721.87 and showing amounts described as "Salary" for 1955, 1956, and 1957 reducing the net casualty figure. The 1955 return reports net salary income of $4,049.60, a net casualty loss of $10,525.87, a deduction of $10,625.87 for a casualty loss and no tax due. The 1953 return reports taxable income of $4,103.62 *266 and tax of $425 but contains no reference to any casualty loss or deduction for such a loss. The 1954 return reports taxable income of $4,186.90 with tax due of $392 but contains no reference to any casualty loss or deduction for such a loss. The record does not show whether or not amended returns or claims for refund for 1953 or 1954 were filed. A fire occurred in July 1955 in a rented apartment occupied by Bessie and destroyed much, if not all, of her personal property in the apartment, including 6 Persian rugs, china, pictures, furniture, and clothes. The record contains no evidence as to the cost or other basis of any of the property destroyed. The record does not contain evidence proving the amount of the casualty loss. Bessie received $3,659.03 of insurance on her fire loss in 1955. Opinion The Commissioner introduced into evidence Bessie's returns for the years 1953 through 1957, which show that her adjusted gross income for 1955, 1953, and 1954 was in a total amount in excess of the casualty loss which she claims for 1955. Net operating losses sustained in 1955 must be deducted first from 1955 income and then, in order, from 1953 and 1954 income and can be deducted *267 from income of later years only in case the amount of the losses exceeded the income from the years 1955, 1953, and 1954. Sec. 122, Internal Revenue Code of 1939; Sec. 172(g)(2), Internal Revenue Code of 1954; Sec. 1.172-4(a)(iii), Income Tax Regulations.
Bessie was the only witness. She insisted upon stating complaints which she had against the Internal Revenue Service, employees thereof, and the lack of instruction on Form 1040 and in an official booklet on the carry back requirements of the law with respect to net losses. The Court tried in vain to have her testify in regard to the amount of her 1955 loss from the fire in June 1955 which destroyed her personal property in her rented apartment. It appears, however, that the loss was, after insurance recovered, less than could have been used to offset 1955, 1953, and 1954 income, as provided by law. Ignorance of the law is not helpful to a taxpayer in a case like this. Decision will be entered for the respondent.